1 **WO** RP

2 NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larry L. Moore, | No. CV 10-1495-PHX-GMS (JRI) |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County Sheriff's Office, | |
| Defendant. | |

On May 25, 2010, Plaintiff Larry L. Moore, who is confined in the Arizona State Prison Complex-Safford, filed a *pro se* Complaint (Doc. 1) in the United States District Court for the District of Columbia. Plaintiff also filed an "Application To Proceed Without Payment Of Fees And Affidavit" (Doc. 2).

By Order filed May 25, 2010 (Doc. 4), the District of Columbia Court gave Plaintiff 30 days to file a certified copy of his trust fund account statement for the six-month period immediately preceding the filing of the Complaint. On June 11, 2010, Petitioner filed a "Certified Statement of Account" (Doc. 5) from the Central Office of the Arizona Department of Corrections.

Then, by Order filed June 23, 2010 (Doc. 7), the District of Columbia Court transferred the action to this Court. The Court will deny Plaintiff's "Application To Proceed Without Payment Of Fees And Affidavit" (Doc. 2) and dismiss this action without prejudice.

## I. Three Strikes Provision 28 U.S.C. § 1915(g)

Title 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The constitutionality of this provision has been upheld by the Ninth Circuit Court of Appeals. Andrews v. King, 398 F.3d 1113, 1123 (9th Cir. 2005); Rodriguez v. Cook, 169 F.3d 1176, 1181 (9th Cir. 1999).

Plaintiff Larry L. Moore has filed numerous lawsuits in this District and in other Districts while he has been a prisoner. At least four of his prior actions were dismissed for failure to state a claim. See Moore v. Hindmarch, CV-09-1461-PHX-GMS (JRI) (D. Ariz. Judgment of dismissal filed January 7, 2010); Moore v. Arpaio, CV-09-1492-PHX-GMS (JRI) (D. Ariz. Judgment of dismissal filed March 1, 2010); Moore v. Futrell, CV-09-2093-PHX-GMS (JRI) (D. Ariz. Judgment of dismissal filed March 5, 2010); and Moore v. Maricopa County Sheriff's Office, CV-09-2232-PHX-GMS (JRI) (D. Ariz. Judgment of dismissal filed April 5, 2010). Therefore, Plaintiff Larry L. Moore may not bring any civil action without complete pre-payment of the $350.00 filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

## II. No Imminent Danger of Serious Physical Injury

Plaintiff Larry L. Moore does not allege that he is in imminent danger of serious physical injury, and the facts presented by Plaintiff would not support such an allegation. Accordingly, Plaintiff Larry L. Moore is not entitled to proceed *in forma pauperis*, and this action must be dismissed without prejudice for failure to pre-pay the $350.00 filing fee. If Plaintiff Larry L. Moore wishes to reassert these claims in the future, he must pre-pay the entire $350.00 filing fee when he files his new action.

**IT IS ORDERED**:

(1) Plaintiff's "Application To Proceed Without Payment Of Fees And Affidavit"

1 (Doc. 2) is **denied**.

2     (2)    This action is **dismissed** pursuant to 28 U.S.C. § 1915(g) **without prejudice** to Plaintiff filing a complaint in a new case accompanied by the full $350.00 filing fee.

    (3)    The Clerk of Court **must enter judgment** accordingly and **close** this file.

DATED this 21st day of July, 2010.

*/s/ H. Murray Snow*
G. Murray Snow
United States District Judge