**WO**                                                                                                    RP

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larry Lee Moore, | No. CV 10-1495-PHX-GMS (JRI) |
| Plaintiff, | **ORDER TO SHOW CAUSE** |
| vs. | |
| Maricopa County Sheriff's Office, | |
| Defendant. | |

On May 25, 2010, Plaintiff Larry Lee Moore filed a *pro se* Complaint (Doc. 1) in the United States District Court for the District of Columbia. Plaintiff also filed an "Application To Proceed Without Payment Of Fees And Affidavit" (Doc. 2).

By Order filed May 25, 2010 (Doc. 4), the District of Columbia Court gave Plaintiff 30 days to file a certified copy of his trust fund account statement for the six-month period immediately preceding the filing of the Complaint. On June 11, 2010, Petitioner filed a "Certified Statement of Account" (Doc. 5) from the Central Office of the Arizona Department of Corrections.

Then, by Order filed June 23, 2010 (Doc. 7), the District of Columbia Court transferred the action to this Court. By Order filed July 21, 2010 (Doc. 11), the Court denied Plaintiff's "Application To Proceed Without Payment Of Fees And Affidavit" (Doc. 2) and dismissed this action pursuant to 28 U.S.C. § 1915(g), without prejudice to Plaintiff filing

**JDDL**

a complaint in a new case accompanied by the full $350.00 filing fee. Judgment was entered on July 21, 2010 (Doc. 12).

On August 9, 2010, Plaintiff filed a Notice of Appeal (Doc. 13) to the Ninth Circuit Court of Appeals. On October 5, 2011, the Mandate of the Ninth Circuit Court of Appeals reversing and remanding this action was filed (Doc. 19). On October 6, 2011, the Clerk of Court mailed a copy of the Mandate to Plaintiff at his last known address at the Arizona State Prison Complex in Safford, Arizona.

## I.     Returned Mail

On October 12, 2011, the envelope containing copy of the Mandate was returned to the Clerk of the Court (Doc. 20) with the notations "Return To Sender," "Returned To Sender," "Attempted - Not Known," and "Inactive." Since then, Plaintiff has failed to file a Notice of Change of Address, or to in any way notify the Court of his whereabouts. Accordingly, the Clerk of the Court has been unable to remail the copy of the Mandate to Plaintiff.

Rule 3.4(a) of the Local Rules of Civil Procedure requires that an incarcerated litigant comply with the instructions attached to the court-approved Complaint form. Those instructions state: "You must immediately notify the Court and the defendants in writing of any change in your mailing address. **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**"

Also, in its "Notice Of Assignment (Doc. 9) filed on July 16, 2010, the Court warned Plaintiff that "[f]ailure to comply with the following rules will result in your document being STRUCK and/or your case being DISMISSED."   One of the rules listed was that "[y]ou must file a Notice of Change of Address if your address changes."

## II.    Failure to Prosecute

Plaintiff has the general duty to prosecute this case. Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc., 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of a plaintiff who has filed a *pro se* action to keep the Court apprised of his or her current address and to comply with the Court's orders in a timely fashion. This Court does

1  not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears
2  the burden of keeping the court apprised of any changes in his mailing address." Carey v.
3  King, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of
4  his new address constitutes failure to prosecute.

5  Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the
6  plaintiff to prosecute or to comply with these rules or any order of court, a defendant may
7  move for dismissal of an action." In Link v. Wabash Railroad Co., 370 U.S. 626, 629-31
8  (1962), the Supreme Court recognized that a federal district court has the inherent power to
9  dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b)
10 of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover,
11 in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even
12 without notice or hearing. Id. at 633.

13 **III.    Order to Show Cause**

14 Because Plaintiff has failed to keep the Court informed of his new address, Plaintiff
15 will be given 20 days from the filing date of this Order to show cause, in writing, why this
16 action should not be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules
17 of Civil Procedure for failure to prosecute.

18 A search of the Arizona Department of Corrections (ADOC) website has revealed that
19 "Larry Moore," Inmate No. 246997, was released from the custody of the ADOC on
20 September 6, 2011, and is currently listed as "Inactive." Also, a search of the docket of the
21 Ninth Circuit Court of Appeals has revealed a private address for Plaintiff in Phoenix,
22 Arizona. Accordingly, the Court will direct the Clerk of Court to mail a copy of this Order
23 to Plaintiff at this Phoenix address because it would be futile to mail a copy of this Order to
24 the last known address of Plaintiff in the Arizona State Prison Complex in Safford, Arizona.
25 See Carey, 856 F.2d at 1441 (mailing "[a]n order to show cause why dismissal is not
26 warranted" to last known address "would only find itself taking a round trip tour through the
27 United States mail").

28 In the meantime, the Clerk of Court will be directed to reopen this case pursuant to

JDDL                                          - 3 -

1  the Mandate of the Ninth Circuit Court of Appeals (Doc. 19).

2  **IV.    Warnings**

3      **A.    Address Changes**

4  Plaintiff must file and serve a notice of a change of address in accordance with Rule
5  83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other
6  relief with a notice of change of address.  Failure to comply may result in dismissal of this
7  action.

8      **B.    Copies**

9  Plaintiff must submit an additional copy of every filing for use by the Court. <u>See</u>
10 LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice
11 to Plaintiff.

12     **C.    Possible Dismissal**

13 If Plaintiff fails to timely comply with every provision of this Order, including these
14 warnings, the Court may dismiss this action without further notice.  <u>See</u> <u>Ferdik v. Bonzelet</u>,
15 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to
16 comply with any order of the Court).

17     **IT IS ORDERED:**

18 (1)    Pursuant to the Mandate of the Ninth Circuit Court of Appeals (Doc. 19), the
19 Clerk of Court **must reopen** this case.

20 (2)    Within **20 days** from the date this Order is filed, Plaintiff **must show cause**,
21 in writing, why this case should not be dismissed without prejudice pursuant to Rule 41(b)
22 of the Federal Rules of Civil Procedure for failure to prosecute.

23 (3)    **If** Plaintiff fails to file a response to this Order to show cause within 20 days
24 of the filing date of this Order, the Clerk of Court **must enter** a judgment of dismissal of this
25 action.

26 //
27 //
28 //

1    (4)    The Clerk of Court **must mail** a copy of this Order to Plaintiff at the following address:

> Larry Lee Moore
> P.O. Box 2601
> Phoenix, AZ 85002

DATED this 28th day of October, 2011.

*/s/ A. Murray Snow*
G. Murray Snow
United States District Judge