WO                                                                                          MDR

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Larry Lee Moore, | )  No. CV 10-1495-PHX-GMS (JRI) |
|         Plaintiff, | )  **ORDER** |
| vs. | ) |
| Maricopa County Sheriff's Office, | ) |
|         Defendant. | ) |

**I.    Procedural History**

On May 25, 2010, Plaintiff Larry Lee Moore filed in the United States District Court for the District of Columbia a *pro se* Complaint (Doc. 1), an "Application To Proceed Without Payment Of Fees And Affidavit" (Doc. 2), and a "Motion to: Amend/In Complaint Petition" ("Amended Complaint") (Doc. 3). In a May 25, 2010 Order, the District Court for the District of Columbia gave Plaintiff 30 days to file a certified copy of his trust fund account statement for the six-month period immediately preceding the filing of the Complaint, in order to properly consider Plaintiff's Application to Proceed.

On June 11, 2010, Petitioner filed a "Certified Statement of Account" from the Central Office of the Arizona Department of Corrections and a "Memorandum In-Complaint Petition."[1]

---

[1] The "Memorandum In-Complaint Petition" is incorrectly identified on the docket sheet as an amended complaint. The document is not an amended complaint, but, rather, a request for acknowledgment that Plaintiff's "Motion to: Amend/In Complaint Petition" had been filed.

JDDL

In a June 23, 2010 Order, the District Court for the District of Columbia concluded that venue was improper in that court, noting that Plaintiff was an Arizona state prisoner suing the Maricopa County Sheriff's Office for alleged unconstitutional violations that occurred while Plaintiff was confined in the Maricopa County Durango Jail. The District Court for the District of Columbia ordered the case transferred to the United States District Court for the District of Arizona. The case was assigned to the undersigned judge.

In a July 21, 2010 Order, the Court denied Plaintiff's Application to Proceed, concluding that Plaintiff had filed four prior actions that had been dismissed for failure to state a claim. The Court dismissed this action pursuant to 28 U.S.C. § 1915(g). Judgment was entered on July 21, 2010.

Plaintiff filed a Notice of Appeal. In a September 13, 2011 Opinion, the Ninth Circuit Court of Appeals concluded that only two of the four dismissals qualified as strikes under 28 U.S.C. § 1915(g), reversed the Court's Judgment, and remanded the case for further proceedings. The Ninth Circuit stated that the Court, on remand, should "reconsider anew any IFP Application." The Ninth Circuit's Mandate was filed on October 5, 2011.

On October 6, 2011, the Clerk of Court mailed a copy of the Ninth Circuit's Mandate to Plaintiff at the last address he had provided to this Court—his address at the Arizona State Prison Complex-Safford in Safford, Arizona. That envelope, however, was returned to the Court, undelivered, because Plaintiff had been released.

In an October 28, 2011 Order to Show Cause, the Court noted that Plaintiff had failed to keep this Court informed of his new address and gave Plaintiff 20 days to show cause why his case should not be dismissed for failure to prosecute. Because the Ninth Circuit's docket for Plaintiff's appeal contained a private address for Plaintiff, the Court directed to the Clerk of Court to mail a copy of the Order to Show Cause to Plaintiff at that address.

**II.    November 18, 2011 Filing**

On November 18, 2011, Plaintiff filed a "Motion to Dismiss Case, for the Obstruction of Justice, Intention Injustice, against the Plaintiff. Scandal" (Doc. 23). Although Plaintiff has called the document a "Motion to Dismiss Case," it does not appear that Plaintiff is

seeking to have this case dismissed.  It appears, based on his statement that the Court "Grant Requested Compensation and Relief to the Plaintiff in this Case," that Plaintiff is seeking a decision on the merits in this case.  Thus, the Court will construe Plaintiff's November 18th filing as a response to the Order to Show Cause.  The Court concludes that the November 18th filing satisfies the requirements set forth in the Order to Show Cause.  To the extent Plaintiff is seeking "Compensation and Relief" at this point in the litigation, the Court will deny the Motion.

**III.    Application to Proceed**

Plaintiff's Application to Proceed will be granted.  28 U.S.C. § 1915(a).  The Court, in its discretion, will grant Plaintiff *in forma pauperis* status and will not require Plaintiff to pay the filing fee.

**IV.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

Local Rule of Civil Procedure 3.4(a) requires in part that "[a]ll complaints . . . by incarcerated persons shall be signed and legibly written or typewritten on forms approved by the Court and in accordance with the instructions provided with the forms."  Plaintiff's Complaint and "Amended Complaint" are not filed on this Court's court-approved form and neither substantially complies with the instructions provided with the form.  Plaintiff's Complaint and "Amended Complaint" will therefore be dismissed without prejudice, with leave to amend, in order for Plaintiff to file a second amended complaint on a court-approved form.

Although the Court is dismissing the Complaint and "Amended Complaint" for failure to comply with Local Rule of Civil Procedure 3.4(a), the Court notes that there are additional

1  defects in Plaintiff's Complaint and "Amended Complaint."   First, Plaintiff only sues
2  Defendant Maricopa County Sheriff's Office.  But the Maricopa County Sheriff's Office is
3  not a proper defendant.   In Arizona, the responsibility of operating jails and caring for
4  prisoners is placed by law upon the sheriff.  See Ariz. Rev. Stat. § 11-441(A)(5); Ariz. Rev.
5  Stat. § 31-101.  A sheriff's office is simply an administrative creation of the county sheriff
6  to allow him to carry out his statutory duties and not a "person" amenable to suit pursuant
7  to 42 U.S.C. § 1983.   Second, the Court notes that Plaintiff's Complaint and "Amended
8  Complaint" appear to be nothing more than a discussion of Plaintiff's prior lawsuits and a
9  request that the Court "review and or investigate the injustice done" and "grant the requested
10 relief (compensation) in each filed case."  Plaintiff can not seek relief for constitutional
11 violations asserted in other cases.

12 **V.   Leave to Amend**

13      For the foregoing reasons, Plaintiff's Complaint and "Amended Complaint" will be
14 dismissed for failure to file on a court-approved form.  Within 30 days, Plaintiff may submit
15 a second amended complaint on a court-approved form.   The Clerk of Court will mail
16 Plaintiff a court-approved form to use for filing a second amended complaint.  If Plaintiff
17 fails to use the court-approved form, the Court may strike the second amended complaint and
18 dismiss this action without further notice to Plaintiff.

19      Plaintiff must clearly designate on the face of the document that it is the "Second
20 Amended Complaint."  The second amended complaint must be retyped or rewritten in its
21 entirety on the court-approved form and may not incorporate any part of the Complaint or
22 "Amended Complaint" by reference.  Plaintiff may include only one claim per count.

23      If Plaintiff files an amended complaint, Plaintiff must write short, plain statements
24 telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of
25 the Defendant who violated the right; (3) exactly what that Defendant did or failed to do;
26 (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's
27 constitutional right; and (5) what specific injury Plaintiff suffered because of that
28 Defendant's conduct.  See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

1    Plaintiff must repeat this process for each person he names as a Defendant.  If Plaintiff

2    fails to affirmatively link the conduct of each named Defendant with the specific injury

3    suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to

4    state a claim.  **Conclusory allegations that a Defendant or group of Defendants have**

5    **violated a constitutional right are not acceptable and will be dismissed**.

6    A second amended complaint supersedes the Complaint and "Amended Complaint."

7    Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard

8    Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat

9    the Complaint and "Amended Complaint" as nonexistent.  Ferdik, 963 F.2d at 1262.  Any

10   cause of action that was raised in the Complaint or "Amended Complaint" is waived if it is

11   not raised in a second amended complaint.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.

12   1987).

13   **VI.    Warnings**

14   **A.    Address Changes**

15   Plaintiff must file and serve a notice of a change of address in accordance with Rule

16   83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

17   relief with a notice of change of address.  Failure to comply may result in dismissal of this

18   action.

19   **B.    Copies**

20   Plaintiff must submit an additional copy of every filing for use by the Court.  See

21   LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice

22   to Plaintiff.

23   **C.    Possible Dismissal**

24   If Plaintiff fails to timely comply with every provision of this Order, including these

25   warnings, the Court may dismiss this action without further notice.  See Ferdik, 963 F.2d at

26   1260-61 (a district court may dismiss an action for failure to comply with any order of the

27   Court).

28   . . . .

JDDL                                         - 5 -

**IT IS ORDERED:**

(1)     Plaintiff's "Motion to Dismiss Case, for the Obstruction of Justice, Intention Injustice, against the Plaintiff. Scandal" (Doc. 23) is **construed** as a response to the Court's October 28, 2011 Order to Show Cause. To the extent it requests "Compensation and Relief" at this point in the litigation, it is **denied**.

(2)     Plaintiff's Application to Proceed (Doc. 2) is **granted**. Plaintiff is granted *in forma pauperis* status and may proceed without payment of the filing fee.

(3)     The Complaint (Doc. 1) and "Amended Complaint" (Doc. 3) are **dismissed** for failure to file on a court-approved form. Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(4)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice and without further notice to Plaintiff.

(5)     The Clerk of Court must **correct** the docket to reflect that Document 6 is a Memorandum.

(6)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 18th day of January, 2012.

A. Murray Snow
_____
G. Murray Snow
United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

| | | |
|---|---|---|
| <u>Phoenix & Prescott Divisions</u>: | **OR** | <u>Tucson Division</u>: |
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>         Attorney for Defendant(s)
>
> _____
> (Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  Completing the Civil Rights Complaint Form.

**HEADING:**

1.  Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  Location.  Identify the institution and city where the alleged violation of your rights occurred.

3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,      )
(Full Name of Plaintiff)                 )
     Plaintiff,                    )
                                         )
     vs.                           )   **CASE NO.** _____
                                         )       **(To be supplied by the Clerk)**
(1)_____ ,       )
(Full Name of Defendant)                 )
(2)_____ ,       )
                                         )   **CIVIL RIGHTS COMPLAINT**
(3)_____ ,       )   **BY A PRISONER**
                                         )
(4)_____ ,       )   ☐ Original Complaint
     Defendant(s).                 )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them. )   ☐ Second Amended Complaint

## A.  JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
     ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
     ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
     ☐ Other: _____.

2.  Institution/city where violation occurred: _____.

Revised 3/9/07                                    1                          **550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____. The first Defendant is employed as:
_____ at _____.
    (Position and Title)                                      (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
_____ at _____.
    (Position and Title)                                      (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:
_____ at _____.
    (Position and Title)                                      (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____ at _____.
    (Position and Title)                                      (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?     ☐ Yes     ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities      ☐ Mail      ☐ Access to the court    ☐ Medical care
    ☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation
    ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.    **Administrative Remedies:**
    a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☐ Yes   ☐ No
    b.    Did you submit a request for administrative relief on Count I?    ☐ Yes   ☐ No
    c.    Did you appeal your request for relief on Count I to the highest level?    ☐ Yes   ☐ No
    d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

## COUNT II

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count II.** Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
    ☐ Excessive force by an officer      ☐ Threat to safety      ☐ Other: _____.

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes    ☐ No
    b.  Did you submit a request for administrative relief on Count II?      ☐ Yes    ☐ No
    c.  Did you appeal your request for relief on Count II to the highest level?      ☐ Yes    ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities            ☐ Mail            ☐ Access to the court         ☐ Medical care
☐ Disciplinary proceedings     ☐ Property        ☐ Exercise of religion        ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies.**
      a.    Are there any administrative remedies (grievance procedures or administrative appeals) available
            at your institution?                                                          ☐ Yes   ☐ No
      b.    Did you submit a request for administrative relief on Count III?               ☐ Yes   ☐ No
      c.    Did you appeal your request for relief on Count III to the highest level?      ☐ Yes   ☐ No
      d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why
            you did not. _____
            _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

5

### E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                         DATE                                        SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
(Attorney's address & telephone number)


### ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.