**WO**                                                                                                          MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larry Lee Moore, | No. CV 10-1495-PHX-GMS (JRI) |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County Sheriff's Office, | |
| Defendant. | |

On February 3, 2012, Plaintiff Larry Lee Moore filed a "Motion to Request Case to be Before a Different Bench (Judge) (Request Displacement)" (Doc. 26). Plaintiff contends that the undersigned "somehow has taken a personal interest in these matters, and has made it his personal duty to 'dismiss' any and all of [Plaintiff's] filed complaints to the Court, showing signs of Judicial Misbehavior: Mala In Se/Civil Disob[e]d[i]ence." Plaintiff states that he "wishes to have no concerns with a Judge (Court) who has taken personal interest, feelings, the threats and relayed opinions by the presiding Judge over this case./This 'would-not' be fair for any and all parties involved." Plaintiff claims that the Court's most recent Order "made the impressions to that of a grudging and discriminative nature. This may-not allow [Plaintiff] to present, participate [his] legal recourse under the(se) humiliating conditions." Plaintiff also contends that because the Ninth Circuit Court of Appeals remanded this case for the Court "to correct its errors," having the case assigned to the same judge "would be a hurdle/obst[a]cle of considerable size, thoughts and opinions of no chance for a favorable or fair outcome."

"The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: '[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" United States. v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997) (quoting United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986)). In order to prevail on a motion for recusal, a plaintiff must show either extrajudicial bias or a deep-seated unequivocal antagonism toward the plaintiff. See Liteky v. United States, 510 U.S. 540, 554-56 (1994). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Id. at 555. "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id.

A reasonable person with knowledge of all the facts in this case would not conclude that the Court's impartiality might reasonably be questioned. A reasonable person with knowledge of all the facts would conclude that Plaintiff has sought recusal of the undersigned because Plaintiff does not like the Court's rulings. This is insufficient to support recusal or disqualification.[1]

**IT IS ORDERED** that Plaintiff's "Motion to Request Case to be Before a Different Bench (Judge) (Request Displacement)" (Doc. 26) is **denied**.

DATED this 8th day of February, 2012.

_____
G. Murray Snow
United States District Judge

---

[1] The Court also notes that the Court of Appeals had the power under 28 U.S.C. § 2106 to assign this case to a different district court judge on remand, see Living Designs, Inc. v. E.I. Dupont de Nemours & Co., 431 F.3d 353, 372 (9th Cir. 2005), but did not do so.

- 2 -