**WO**                                                                                              MDR

1
2
3
4
5
6            **IN THE UNITED STATES DISTRICT COURT**
7              **FOR THE DISTRICT OF ARIZONA**
8
9    Larry Lee Moore,                    )    No. CV 10-1495-PHX-GMS (JRI)
                                          )
10            Plaintiff,                  )    **ORDER**
                                          )
11   vs.                                  )
                                          )
12   Maricopa County Sheriff's Office,    )
                                          )
13            Defendant.                  )
     ────────────────────────────────────)
14
15          In a January 18, 2012 Order, the Court, among others things, granted Plaintiff Larry

16   Lee Moore *in forma pauperis* status and dismissed his Complaint and "Amended Complaint"

17   for failure to comply with Local Rule of Civil Procedure 3.4.  The Court noted that there

18   were additional defects in Plaintiff's Complaint and "Amended Complaint."[1]  The Court gave

     Plaintiff 30 days to file a second amended complaint on a court-approved form.
19
20          On February 9, 2012, Plaintiff filed a "Re-Filed Complaint" and attached to it a

21   "Cover Sheet."  In a February 14, 2012 Order, the Court dismissed the February 9th "Re-

22   Filed Complaint" because it did not comply with the Court's January 18th Order, which

23   specifically instructed Plaintiff that the second amended complaint had to be retyped or

     rewritten in its entirety on the court-approved form and could not incorporate any part of the
24
     Complaint or  "Amended Complaint" by reference.  In addition, the Court noted that the
25
26   ───────────────────
27          [1]Plaintiff had sued an improper defendant and his Complaint and "Amended
     Complaint" appeared to be nothing more than a discussion of Plaintiff's prior lawsuits and
28   a request that the Court "review and or investigate the injustice done" and "grant the
     requested relief (compensation) in each filed case."

1  February 9th "Re-Filed Complaint" did not comply with Local Rule of Civil Procedure 3.4

2  because the February 9th "Re-Filed Complaint" did not substantially comply with the

3  instructions provided with the court-approved form.[2]  The Court gave Plaintiff "a final

4  opportunity to file a second amended complaint."

5        On March 19, 2012, Plaintiff filed an "Original Complaint (Refiled)" (Doc. 30).  The

6  Court will dismiss the March 19th "Original Complaint (Refiled)" and this action.

7  **I.     Statutory Screening of Prisoner Complaints**

8        The Court is required to screen complaints brought by prisoners seeking relief against

9  a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

10  § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

11  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

12  be granted, or that seek monetary relief from a defendant who is immune from such relief.

13  28 U.S.C. § 1915A(b)(1), (2).

14        Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement

15  of the claim."  Fed. R. Civ. P. 8(a)(2).  Rule 8(d)(1) states that "[e]ach allegation must be

16  simple, concise, and direct."  A complaint having the factual elements of a cause of action

17  scattered throughout the complaint and not organized into a "short and plain statement of the

18  claim" may be dismissed for failure to satisfy Rule 8(a).  See  Sparling v. Hoffman Constr.

19  Co., 864 F.2d 635, 640 (9th Cir. 1988); see also McHenry v. Renne, 84 F.3d 1172 (9th Cir.

20  1996).

21  . . . .

22

23        [2]Specifically, the Court noted that Section D of the court-approved form requires

24  Plaintiff to state "the constitutional or other federaal civil right that was violated" in each
count, identify the issue involved, state the  facts supporting that count, and indicate how he

25  was injured.  In addition, in the section for "Supporting Facts" for each claim, the form

26  requires Plaintiff to "[d]escribe exactly what each Defendant did or did not do that violated
your rights.  State the facts clearly in your own words without citing legal authority or

27  arguments."  Plaintiff failed to follow these instructions.  Instead, Plaintiff simply directed

28  the Court to "See: Original Filed Complaint."

Local Rule of Civil Procedure 3.4 requires in part that "[a]ll complaints . . . by incarcerated persons must be signed and legibly written or typewritten on forms approved by the Court and in accordance with the instructions provided with the forms."   The instructions state:

> **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**   The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable. . . . . If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.
>
> . . . .
>
> If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. . . . **Remember that you are limited to a total of fifteen additional pages**.
>
> . . . .
>
> You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed. . . . . **If you need more space, you may attach no more than fifteen additional pages**.

(emphasis in original).

Plaintiff's March 19th "Original Complaint (Refiled)," appears to contain seven counts and includes exhibits and "questions" among its pages.  It spans 103 pages and, therefore, fails to comply with Rule 8 or Local Rule 3.4.  Thus, the Court will dismiss the March 19th "Original Complaint (Refiled)."

**II.     Dismissal without Leave to Amend**

"Leave to amend need not be given if a complaint, as amended, is subject to dismissal." Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989).  The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint.  Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996).  Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend.  Moore, 885 F.2d at 538.

. . . .

1    Despite multiple opportunities to do so, Plaintiff appears unable or unwilling to file

2    an amended complaint that complies with the Federal Rules of Civil Procedure and this

3    Court's Local Rules.  The Court finds that further opportunities to amend would be futile.

4    Therefore, the Court, in its discretion, will dismiss Plaintiff's March 19th "Original

5    Complaint (Refiled)" without leave to amend.

6    **IT IS ORDERED:**

7    (1)    Plaintiff's March 19, 2012 "Original Complaint (Refiled)" (Doc. 30) and this

8    action are **dismissed without prejudice** for failure to comply with Rule 8 of the Federal

9    Rules of Civil Procedure and  Local Rule of Civil Procedure 3.4.  The Clerk of Court must

10   enter judgment accordingly.

11   (2)    The docket shall reflect that the Court certifies, pursuant to 28 U.S.C.

12   § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this

13   decision would not be taken in good faith.

14   DATED this 11th day of April, 2012.

15
16   _A. Murray Snow_
17   /G. Murray Snow
     United States District Judge

18
19
20
21
22
23
24
25
26
27
28