**WO**  MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larry Lee Moore,<br><br>    Plaintiff,<br><br>vs.<br><br>Maricopa County Sheriff's Office,<br><br>    Defendant. | No. CV 10-1495-PHX-GMS (JRI)<br><br>**ORDER** |

In a January 18, 2012 Order, the Court, among others things, granted Plaintiff Larry Lee Moore *in forma pauperis* status and dismissed his Complaint and "Amended Complaint" for failure to comply with Local Rule of Civil Procedure 3.4. The Court noted that there were additional defects in Plaintiff's Complaint and "Amended Complaint."[1] The Court gave Plaintiff 30 days to file a second amended complaint on a court-approved form.

On February 9, 2012, Plaintiff filed a "Re-Filed Complaint" and attached to it a "Cover Sheet." In a February 14, 2012 Order, the Court dismissed the February 9th "Re-Filed Complaint" because it did not comply with the Court's January 18th Order, which specifically instructed Plaintiff that the second amended complaint had to be retyped or rewritten in its entirety on the court-approved form and could not incorporate any part of the Complaint or "Amended Complaint" by reference. In addition, the Court noted that the

---

[1] Plaintiff had sued an improper defendant and his Complaint and "Amended Complaint" appeared to be nothing more than a discussion of Plaintiff's prior lawsuits and a request that the Court "review and or investigate the injustice done" and "grant the requested relief (compensation) in each filed case."

1 February 9th "Re-Filed Complaint" did not comply with Local Rule of Civil Procedure 3.4
2 because the February 9th "Re-Filed Complaint" did not substantially comply with the
3 instructions provided with the court-approved form.[2]  The Court gave Plaintiff "a final
4 opportunity to file a second amended complaint."

5       On March 19, 2012, Plaintiff filed an "Original Complaint (Refiled)" (Doc. 30).  The
6 Court will dismiss the March 19th "Original Complaint (Refiled)" and this action.

**I.     Statutory Screening of Prisoner Complaints**

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

      Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim."  Fed. R. Civ. P. 8(a)(2).  Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct."  A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a).  See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 640 (9th Cir. 1988); see also McHenry v. Renne, 84 F.3d 1172 (9th Cir. 1996).

. . . .

---

[2] Specifically, the Court noted that Section D of the court-approved form requires Plaintiff to state "the constitutional or other federaal civil right that was violated" in each count, identify the issue involved, state the facts supporting that count, and indicate how he was injured.  In addition, in the section for "Supporting Facts" for each claim, the form requires Plaintiff to "[d]escribe exactly what each Defendant did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments."  Plaintiff failed to follow these instructions.  Instead, Plaintiff simply directed the Court to "See: Original Filed Complaint."

1    Local Rule of Civil Procedure 3.4 requires in part that "[a]ll complaints . . . by
2 incarcerated persons must be signed and legibly written or typewritten on forms approved
3 by the Court and in accordance with the instructions provided with the forms."  The
4 instructions state:

> **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.** The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable. . . . . If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.
>
> . . . .
>
> If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. . . . **Remember that you are limited to a total of fifteen additional pages**.
>
> . . . .
>
> You should follow these instructions carefully. Failure to do so may result in your complaint being stricken or dismissed. . . . . **If you need more space, you may attach no more than fifteen additional pages**.

15 (emphasis in original).

16    Plaintiff's March 19th "Original Complaint (Refiled)," appears to contain seven
17 counts and includes exhibits and "questions" among its pages. It spans 103 pages and,
18 therefore, fails to comply with Rule 8 or Local Rule 3.4. Thus, the Court will dismiss the
19 March 19th "Original Complaint (Refiled)."

20 **II.    Dismissal without Leave to Amend**

21    "Leave to amend need not be given if a complaint, as amended, is subject to
22 dismissal." Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989). The
23 Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously
24 been permitted to amend his complaint. Sisseton-Wahpeton Sioux Tribe v. United States,
25 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors
26 to be considered in deciding whether justice requires granting leave to amend. Moore, 885
27 F.2d at 538.
28 . . . .

Despite multiple opportunities to do so, Plaintiff appears unable or unwilling to file an amended complaint that complies with the Federal Rules of Civil Procedure and this Court's Local Rules. The Court finds that further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's March 19th "Original Complaint (Refiled)" without leave to amend.

**IT IS ORDERED:**

(1) Plaintiff's March 19, 2012 "Original Complaint (Refiled)" (Doc. 30) and this action are **dismissed without prejudice** for failure to comply with Rule 8 of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 3.4. The Clerk of Court must enter judgment accordingly.

(2) The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

DATED this 11th day of April, 2012.

/s/ A. Murray Snow
G. Murray Snow
United States District Judge